UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
--------------------------------------------------------X          CIVIL ACTION NO:
TIMOTHY WILSON ,

                                                                           COMPLAINT

                                         PLAINTIFF,

            -against-

ARELENE ACOSTA, THE CITY OF NEW YORK
NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE JAMES QUILTY
AND "JOHN DOE"1-10, AND "JOHN SMITH" 1-10
fictitious names of defendant CITY OF NEW YORK, AND
NEW YORK CITY POLICE DEPARTMENT'S, employees whose names
are unknown to plaintiff at the present time,

                                    DEFENDANTS
--------------------------------------------------------X
            Plaintiff, by his attorney, MILENE MANSOURI, ESQ. PC, complaining of the

Defendants, respectfully alleges, upon information and belief, as follows:

                           PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New

York and the United States.

                         IDENTIFICATION OF THE PARTIES

2.      That at all time hereinafter mentioned plaintiff, TIMOTHY WILSON, is and was

an African American man, and a resident of the Kings County, State of New York.

3.      The cause of action herein alleged arose in State of New York.

4.      That at all times hereinafter mentioned, defendant, ARELENE ACOSTA,

(hereinafter ACOSTA) was and still is a resident of the State of New York.

5.      That at all times hereinafter mentioned, defendant, DETECTIVE JAMES QUILTY, (hereinafter QUILTY) was and still is a resident of the State of New York.

6.      That at all times hereinafter mentioned, defendants JOHN DOE 1-10, AND JOHN SMITH 1-10, fictitious names of defendant, NEW YORK CITY POLICE DEPARTMENT'S employees whose names are unknown to plaintiff at this time, were and still are residents of the State of New York.

7.      That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK (hereinafter CITY OF NEW YORK) maintained, employed and still maintains and employs and is in charge of NEW YORK CITY POLICE DEPARTMENT, (hereinafter POLICE DEPARTMENT), and all of its employees including but not limited to JAMES, QUILTY, "JOHN DOE 1-10" AND "JOHN SMITH" 1-10 fictitious names of defendant THE CITY OF NEW YORK, AND NEW YORK CITY POLICE DEPARTMENT's employees whose names are unknown to plaintiff at the present time.

## JURISDICTION

8.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

9.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

10.     Venue is properly laid in the Eastern District of New York under U.S.C.

## JURY DEMAND

11.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT

## AND BATTERY ON BEHALF OF TIMOTHY WILSON

12.    That on MARCH 26, 2019, and at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, was and still is a municipality duly organized and existing under and by virtue of the laws of the State of New York and maintaining offices within said State in The City Of New York.

13.    That prior to the commencement of the above action, and within 90 days after the cause of action arose, the plaintiff duly served upon the defendants, THE CITY OF NEW YORK, and POLICE DEPARTMENT, a Notice of Claim in writing.

14.    More than 30 days have elapsed since the demand or claim upon which this action is predicated against the defendants, THE CITY OF NEW YORK, and POLICE DEPARTMENT, for adjustment and/or payment thereof, and said defendants have neglected and/or refused to make any adjustment and/or payment and this action is commenced within 1 year and 90 days after the cause of action occurred.

15.    That on MARCH 26, 2019, and at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, maintained and still maintains the POLICE DEPARTMENT, a municipality and/or business entity duly organized and existing under and by virtue of the laws of the State of New York.

16.    Defendant, THE CITY OF NEW YORK, maintains the POLICE DEPARTMENT, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State, Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

17.     That at all times hereinafter mentioned and prior to MARCH 26, 2019, defendants THE CITY OF NEW YORK and POLICE DEPARTMENT, employed defendants JOHN DOE, 1-10 and JOHN SMITH 1-10.  (hereinafter JOHN DOES and JOHN SMITHS)

18.     That at all times hereinafter mentioned and prior to MARCH 26, 2019, defendants THE CITY OF NEW YORK and POLICE DEPARTMENT, employed defendant DETECTIVE JAMES QUILTY.

19.     That on MARCH 26, 2019, and at all times hereinafter mentioned, all of the above named defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS committed a tortious act against Plaintiff within the State of New York.

20.     That on MARCH 26, 2019, and at all times hereinafter mentioned, defendants, JOHN DOES and JOHN SMITHS committed a tortious act against Plaintiff within the State of New York within the scope of their employment for THE CITY OF NEW YORK and POLICE DEPARTMENT within the State of New York.

21.     That on MARCH 26, 2019, and at all times hereinafter mentioned, defendants, THE CITY OF NEW YORK and POLICE DEPARTMENT, committed a tortious act against Plaintiff within the State of New York.

22.     At all times hereinafter mentioned, the individually named defendants DETECTIVE JAMES QUILTY, JOHN DOES, AND JOHN SMITHS, (defendants") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

23.     At all times hereinafter mentioned the defendants, either personally or through their employees were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

24.     Each and all of the acts of the above-named defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

25.     Each and all of the acts of the above-named defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

26.     That on MARCH 26, 2019, and at all times hereinafter mentioned, defendant ACOSTA committed a tortious act against Plaintiff within the State of New York.

27.     That on March 26, 2019, Plaintiff was assaulted by the above-named defendants who handcuffed him, and then without provocation or any legal/legitimate reason to do so, the aforementioned defendant officers violently tackled plaintiff causing him to suffer, *inter alia*, serious physical injury.

28.     That on MARCH 26, 2019, and thereafter, TIMOTHY WILSON was assaulted by defendants THE CITY OF NEW YORK and POLICE DEPARTMENT.

29.     That on MARCH 26, 2019, and thereafter, defendant, ACOSTA, caused plaintiff TIMOTHY WILSON, to be assaulted by all of the above-named defendants.

30.     That on MARCH 26, 2019, and thereafter, defendant, ACOSTA, assaulted plaintiff TIMOTHY WILSON, and furthermore, caused him to be assaulted by all of the above named defendants.

31.     That on MARCH 26, 2019, and thereafter, defendant, DETECTIVE JAMES QUILTY, assaulted plaintiff TIMOTHY WILSON, and furthermore, caused him to be assaulted by all of the above-named defendants.

32.     That on MARCH 26, 2019, and thereafter, defendant, JOHN DOES AND JOHN SMITHS, assaulted TIMOTHY WILSON, and furthermore caused him to be assaulted by all of the above-named defendants.

33.     That on MARCH 26, 2019, and thereafter, plaintiff, TIMOTHY WILSON was assaulted by all of the above-named defendants, including but not limited to defendants JOHN DOES and JOHN SMITHS who were acting as an agent, servant and/or employee of defendants THE CITY OF NEW YORK and POLICE DEPARTMENT.

34.     The aforementioned assault was performed knowingly, intentionally, and willfully by all of the above-named defendants.

35.     That the defendant, ACOSTA caused the aforementioned assault upon the Plaintiff, TIMOTHY WILSON, without any legal/legitimate reason and furthermore, said defendant caused plaintiff to be assaulted by defendants, THE CITY OF NEW YORK, POLICE DEPARTMENT, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS.

36.     That the defendants QUILTY, JOHN DOES and JOHN SMITHS assaulted Plaintiff, TIMOTHY WILSON, without any legal/legitimate reason and furthermore within the scope of their employment for defendant, THE CITY OF NEW YORK, and POLICE DEPARTMENT.

37.     That the defendant DETECTIVE JAMES QUILTY who committed the aforementioned assault upon the Plaintiff, TIMOTHY WILSON, was acting within the

scope of his employment with defendant THE CITY OF NEW YORK and POLICE DEPARTMENT.

38.     That the defendants JOHN DOES and JOHN SMITHS who committed the aforementioned assault upon the Plaintiff, TIMOTHY WILSON, were acting within the scope of their employment with defendant THE CITY OF NEW YORK and POLICE DEPARTMENT.

39.     That the defendant ACOSTA who caused the remaining defendants to commit the aforementioned assault upon the Plaintiff, TIMOTHY WILSON, caused said assault knowingly, intentionally, and willfully.

40.     That the defendants QUILTY, JOHN DOES and JOHN SMITHS assaulted Plaintiff, TIMOTHY WILSON, knowingly, intentionally, and willfully.

41.     At no time did plaintiff commit any crimes and/or offenses or behave unlawfully in any way, nor did the defendant officers QUILTY, JOHN JOES or JOHN SMITHS have probable cause for his arrest.

42.     Moreover, defendants QUITLY and/or JOHN DOES and JOHN SMITHS' use of force against plaintiff upon arresting him on March 26, 2019 was neither justified, nor reasonable under the circumstances.

43.     That the above assault and battery on the plaintiff was without probable cause.

44.     As the result of the foregoing and joint and several negligence, recklessness and carelessness of all of the above defendants, their agents, servants, licensees, and or employees, plaintiff, TIMOTHY WILSON, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of his person and suffered great physical pain, distress, mental shock, mental anguish, psychological trauma, was otherwise

injured and also incurred monetary loss and out of pocket expenses including but not limited to attorneys' expenses.

45.     By reason of said assault and battery, Plaintiff, TIMOTHY WILSON, was caused to suffer great financial and monetary loss and was otherwise injured.

46.     By reason of the foregoing, all of the above named defendants including but not limited to ACOSTA, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE JAMES QUILTY and JOHN DOES and JOHN SMITHS are jointly and severally liable to Plaintiff in assaulting, battering and in violating the civil rights of the plaintiff, TIMOTHY WILSON.

47.     As a result of the foregoing, plaintiff is entitled to and seeking compensatory damages and is further entitled to punitive damages against all of the above named defendants

48.     By reason of the foregoing, the Plaintiff, TIMOTHY WILSON, demands judgment against all of the above named defendants including but not limited to ACOSTA, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS in a sum which exceeds the jurisdictional limits of all the lower courts together with interest, costs, disbursements and attorneys fees for the within action and for this cause of action.

AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENCE

ON BEHALF OF TIMOTHY WILSON

49.    The plaintiff, TIMOTHY WILSON, repeats, reiterates and realleges each and every allegation set forth above in the preceding paragraphs with the same force and effect as if more fully set forth at length herein.

50.    The defendants, THE CITY OF NEW YORK and POLICE DEPARTMENT their agents, servants and/or employees were negligent, reckless and careless in assaulting, battering and in violating the civil rights of the plaintiff.

51.    The defendant, ACOSTA was negligent, reckless and careless in assaulting, battering and in violating the civil rights of the plaintiff.

52.    The defendant, ACOSTA was further negligent, reckless, and careless in causing Plaintiff to be assaulted, battered, and have his civil rights violated by the remaining defendants.

53.    The defendant, DETECTIVE JAMES QUILTY was negligent, reckless and careless in assaulting, battering and in violating the civil rights of the plaintiff.

54.    The defendant DETECTIVE JAMES QUILTY while acting within the scope of his employment for the defendants THE CITY OF NEW YORK and POLICE DEPARTMENT was negligent, reckless, and careless in assaulting, battering and in violating the civil rights of the plaintiff.

55.    The defendants JOHN DOES and JOHN SMITHS were negligent, reckless and careless in assaulting, battering and in violating the civil rights of the plaintiff.

56.    The defendants, JOHN DOES and JOHN SMITHS while acting within the scope of their employment for the defendants THE CITY OF NEW YORK and POLICE

DEPARTMENT were negligent, reckless, and careless in assaulting, battering and in violating the civil rights of the plaintiff.

57.     All of the above named defendants, including but not limited to ACOSTA, THE CITY OF NEW YORK, POLICE DEPARTMENT, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS are jointly and severally liable, negligent, reckless and careless in assaulting, battering and in violating the civil rights of the plaintiff.

58.     As a result of the foregoing and joint and several negligence and recklessness of all of the above named defendants, plaintiff, TIMOTHY WILSON, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person and suffered great physical pain, distress, mental shock, mental anguish, psychological trauma, was otherwise injured and also incurred monetary loss and out of pocket expenses including but not limited to attorneys' expenses.

59.     As a result of the foregoing, plaintiff is entitled to and seeking compensatory damages and is further entitled to punitive damages against all of the above named defendants

60.     By reason of the foregoing, the Plaintiff, TIMOTHY WILSON, demands judgment against all of the above named defendants including but not limited to ACOSTA, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE JAMES QUILTY and JOHN DOES and JOHN SMITHS in a sum which exceeds the jurisdictional limits of all the lower courts together with interest, costs, disbursements and attorneys fees for the within action and for this cause of action.

AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENT

HIRING AND RETENTION ON BEHALF OF TIMOTHY WILSON

61. The plaintiff, TIMOTHY WILSON, repeats, reiterates and realleges each and every allegation set forth above in the preceding paragraphs with the same force and effect as if more fully set forth at length herein.

62. Defendants, THE CITY OF NEW YORK and POLICE DEPARTMENT did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents, servants and employees, and were negligent in the hiring, training and retention of defendants DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS who assaulted, battered and violated the civil rights of the plaintiff.

63. All of the above named defendants including but not limited to THE CITY OF NEW YORK and POLICE DEPARTMENT are jointly and severally liable to plaintiff because they did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents, servants, and employees, and were negligent in the hiring of DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS who assaulted, battered and violated the civil rights of the plaintiff.

64. All of the above named defendants including but not limited to DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS, THE CITY OF NEW YORK and POLICE DEPARTMENT are jointly and severally liable to plaintiff because they did not exercise reasonable care and due diligence in investigating the fraudulent and false allegations against plaintiff and wrongfully, illegally, recklessly, negligently assaulted, battered and violated the civil rights of the plaintiff.

65. That the Defendants, THE CITY OF NEW YORK and POLICE DEPARTMENT had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS and continued to employ them and allow them to be in contact with the public at large including the plaintiff, TIMOTHY WILSON.

66. Defendants, THE CITY OF NEW YORK and POLICE DEPARTMENT are jointly and severally liable to Plaintiff because they had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS and continued to employ them and allow them to be in contact with the public at large including the plaintiff, TIMOTHY WILSON.

67. As the result of the foregoing and joint and several negligence and recklessness of all of the above named defendants, plaintiff, TIMOTHY WILSON, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person and suffered great physical pain, distress, mental shock, mental anguish, psychological trauma, was otherwise injured and also incurred monetary loss and out of pocket expenses including but not limited to attorneys' expenses.

68. As a result of the foregoing, plaintiff is entitled to and seeking compensatory damages and is further entitled to punitive damages against all of the above named defendants

69. By reason of the foregoing, the Plaintiff, TIMOTHY WILSON, demands judgment against all of the above named defendants including but not limited to THE CITY OF NEW YORK, POLICE DEPARTMENT, DETECTIVE JAMES QUILTY and JOHN DOES and JOHN SMITHS in a sum which exceeds the jurisdictional limits of all the lower courts

together with interest, costs, disbursements and attorneys fees for the within action and for this cause of action.

AS AND FOR A FOURTH CAUSE OF ACTION FOR PUNITIVE

DAMAGES ON BEHALF OF TIMOTHY WILSON

70.     The plaintiff, TIMOTHY WILSON, repeats, reiterates, and realleges each and every allegation set forth above in the preceding paragraphs with the same force and effect as if more fully set forth at length herein.

71.     The actions of all of the named defendants herein, were malicious, reckless, intentional, willful and grossly negligent.

72.     That all of the defendants authorized, permitted and ratified the unlawful and negligent acts of themselves, their agent, servant and/or employee, herein above alleged.

73.     That all of the above named defendants are jointly and severally liable for their malicious, reckless, intentional, willful and grossly negligent acts against plaintiff.

74.      That the defendants' actions were not privileged or immune.

75.     That the defendants DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS while working within the scope of their employment, did assault and strike the plaintiff in or about his head, body and limbs, force him to be handcuffed, forced him to take his shoes off, force him to be imprisoned, deprived him of his sleep, privacy and civil liberties, causing him serious injuries all with the approval and/or consent of defendants THE CITY OF NEW YORK and POLICE DEPARTMENT.

76.     That the defendant, ACOSTA gave false testimony, and/or a false Affidavit and/or filed a false report containing false facts causing Plaintiff to be assaulted and struck in or about his head, body and limbs, force him to be handcuffed, force him to take his shoes

off, force him to be imprisoned, deprived him of his sleep, privacy and civil liberties causing him serious injuries.

77.     The actions of defendant ACOSTA were malicious, reckless, intentional, willful and grossly negligent.

78.     That the defendants THE CITY OF NEW YORK and POLICE DEPARTMENT were responsible for the training, supervision and conduct of defendants DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS and were further responsible by law for enforcing regulations of the CITY OF NEW YORK and State of New York and for ensuring that all of their employees, servants, agents obey the laws of the State of New York and the United States of America.

79.     That the defendants DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS while working within the scope of their employment for THE CITY OF NEW YORK and POLICE DEPARTMENT did assault and strike the plaintiff in or about his head, body and limbs, force him to be handcuffed, force him to take his shoes off, force him to be imprisoned, deprived him of his sleep, privacy and civil liberties, causing him serious injuries all with the approval and/or consent of defendants THE CITY OF NEW YORK and POLICE DEPARTMENT.

80.     That defendant ACOSTA authorized, permitted and ratified the unlawful, willful, reckless, malicious and negligent acts of herself and the remaining defendants herein above alleged.

81.     That defendants CITY OF NEW YORK and POLICE DEPARTMENT authorized, permitted and ratified the unlawful, willful, reckless, malicious and negligent acts of their employees JAMES QUILTY, JOHN DOES and JOHN SMITHS.

82.     That all of the above named defendants authorized, permitted and ratified the unlawful, willful, reckless, malicious and negligent acts of themselves as defendants, their agents, servants and/or employees, herein above alleged.

83.     As the result of the foregoing and joint and several negligence and recklessness of all of the above named defendants, plaintiff, TIMOTHY WILSON, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person and suffered great physical pain, distress, mental shock, mental anguish, psychological trauma, was otherwise injured and also incurred monetary loss and out of pocket expenses including but not limited to attorneys' expenses.

84.     As a result of the foregoing, plaintiff is entitled to and seeking compensatory damages and is further entitled to punitive damages against all of the above named defendants

85.     By reason of the foregoing, the Plaintiff, TIMOTHY WILSON, demands punitive damages and judgment against all of the above named defendants including but not limited to ACOSTA, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE JAMES QUILTY and JOHN DOES and JOHN SMITHS  in a sum which exceeds the jurisdictional limits of all the lower courts together with interest, costs, disbursements and attorneys fees for the within action and for the fourth cause of action.


AS AND FOR A FIFTH CAUSE OF ACTION FOR FALSE

ARREST ON BEHALF OF TIMOTHY WILSON

86.    The plaintiff TIMOTHY WILSON repeats, reiterates, and realleges each and every allegation set forth above in the preceding paragraphs with the same force and effect as if more fully set forth at length herein.

87.    That prior to MARCH 26, 2019, and at all times hereinafter, defendant, ACOSTA, gave false testimony and/or a false affidavit and/or a false statement containing false information and allegations which caused defendants THE CITY OF NEW YORK and POLICE DEPARTMENT to wrongfully and falsely arrest and confine plaintiff TIMOTHY WILSON to prison.

88.    That at all times hereinafter and prior to MARCH 26, 2019, defendants THE CITY OF NEW YORK, POLICE DEPARTMENT, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS never properly investigated the false testimony and/or a false affidavit and/or a false statement of ACOSTA containing false information and allegations and wrongfully and falsely arrested and confined plaintiff TIMOTHY WILSON to prison.

89.    That defendant, ACOSTA fully knew that the statements, testimony, and/or affidavit against plaintiff was false and contained false information and allegations.

90.     That on MARCH 26, 2019, the defendants, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS while working within their scope of employment for defendants THE CITY OF NEW YORK and POLICE DEPARTMENT, wrongfully and falsely arrested and confined the plaintiff to prison.

91.    That on MARCH 26, 2019, defendant ACOSTA caused plaintiff to be wrongfully and falsely arrested and confined him to prison.

92.    That the arrest of Plaintiff and confinement to prison was without probable cause nor based on reasonable grounds and not founded upon an arrest warrant.

93.    That the arrest of Plaintiff and confinement to prison was done illegally and without the proper arrest warrant.

94.    That all of the above named defendants are jointly and severally liable for wrongfully and falsely arresting and confining Plaintiff, on MARCH 26, 2019 to prison.

95.    That as a result of the aforesaid wrongful and false arrest and confinement, and false imprisonment, plaintiff sustained serious permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

96.    That all of the above named defendants authorized, permitted and ratified the unlawful and negligent acts of themselves as defendants, their agents, servants and/or employees, herein above alleged.

97.    As the result of the foregoing and joint and several negligence and recklessness of all of the above named defendants, plaintiff, TIMOTHY WILSON, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person and suffered great physical pain, distress, mental shock, mental anguish, psychological trauma, was otherwise injured and also incurred monetary loss and out of pocket expenses including but not limited to attorneys' expenses.

98.    As a result of the foregoing, plaintiff is entitled to and seeking compensatory damages and is further entitled to punitive damages against all of the above named defendants

99.     By reason of the foregoing, the Plaintiff, TIMOTHY WILSON, demands judgment against all of the above named defendants including but not limited to ACOSTA, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE JAMES QUILTY and JOHN DOES and JOHN SMITHS in a sum which exceeds the jurisdictional limits of all the lower courts together with interest, costs, disbursements and attorneys fees for the within action and for this cause of action.

AS AND FOR A SIXTH CAUSE OF ACTION FOR FALSE

IMPRISONMENT ON BEHALF OF TIMOTHY WILSON

100.     The plaintiff TIMOTHY WILSON repeats reiterates and realleges each and every allegation set forth above in the preceding paragraphs with the same force and effect as if more fully set forth at length herein.

101.     That at all times hereinafter and prior to MARCH 26, 2019, defendant ACOSTA gave false testimony and/or a false affidavit alleging false information causing Plaintiff to be wrongfully and falsely arrested and falsely imprisoned.

102.     That at all times hereinafter and on MARCH 26, 2019, defendant ACOSTA without justification and without probable cause had plaintiff wrongfully and falsely arrested and falsely imprisoned.

103.     That on MARCH 26, 2019, defendant THE CITY OF NEW YORK and POLICE DEPARTMENT without justification and without probable cause, wrongfully arrested and falsely imprisoned the plaintiff.

104.     That on MARCH 26, 2019, defendants, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS were working within their scope of employment and authority with defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE

DEPARTMENT without justification and without probable cause, wrongfully arrested and falsely imprisoned the plaintiff.

105.   That the defendant ACOSTA without justification, intentionally, had plaintiff wrongfully arrested, falsely imprisoned and confined the plaintiff against his will and said confinement was not privileged.

106.   That the defendants THE CITY OF NEW YORK, POLICE DEPARTMENT, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS without justification, intentionally, wrongfully arrested, falsely imprisoned and confined the plaintiff against his will and said confinement was not privileged.

107.   That the defendants, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS were working within their scope of employment for defendants THE CITY OF NEW YORK and POLICE DEPARTMENT, while acting within their scope of employment, without justification, intentionally, wrongfully arrested, falsely imprisoned and confined the plaintiff against his will and said confinement was not privileged.

108.   That the arrest and confinement of Plaintiff was without probable cause nor based on reasonable grounds and not founded upon an arrest warrant.

109.   That all of the above named defendants are jointly and severally liable for falsely arresting and imprisoning plaintiff against his will and said confinement was not privileged.

110.   That as a result of the aforesaid false arrest and confinement, plaintiff, TIMOTHY WILSON sustained serious permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

111.    As the result of the foregoing and joint and several negligence and recklessness of all of the above named defendants, plaintiff, TIMOTHY WILSON, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person and suffered great physical pain, distress, mental shock, mental anguish, psychological trauma, was otherwise injured and also incurred monetary loss and out of pocket expenses including but not limited to attorneys' expenses.

112.    As a result of the foregoing, plaintiff is entitled to and seeking compensatory damages and is further entitled to punitive damages against all of the above named defendants

113.    By reason of the foregoing, the Plaintiff, TIMOTHY WILSON, demands judgment against all of the above named defendants including but not limited to ACOSTA, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE JAMES QUILTY and JOHN DOES and JOHN SMITHS in a sum which exceeds the jurisdictional limits of all the lower courts together with interest, costs, disbursements and attorneys fees for the within action and for this cause of action.

AS AND FOR THE SEVENTH CAUSE OF ACTION FOR MALICIOUS

PROSECUTION ON BEHALF OF TIMOTHY WILSON

114.     The plaintiff TIMOTHY WILSON repeats, reiterates and realleges each and every allegation set forth above set forth in the preceding paragraphs with the same force and effect as if more fully set forth at length herein.

115.     That on or about MARCH 26, 2019, and at all times hereinafter, defendant, ACOSTA, without justification, without probable cause, created and submitted an erroneous and false affidavit, and/or a false statement, and/or a false report in an effort to cover up the aforesaid and initiate a prosecution of Plaintiff in bad faith.

116.     That on or about MARCH 26, 2019, and at all times hereinafter, defendants, to DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS without justification, without probable cause, created and submitted an erroneous and false affidavit, and/or a false statement, and/or a false report in an effort to cover up the aforesaid and initiate a prosecution of Plaintiff in bad faith.

117.     That on or about MARCH 26, 2019, and at all times thereafter, all of the defendants including but not limited to DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS within the scope of their employment, without justification, without probable cause, created and submitted an erroneous police report and or a report in an effort to cover up the aforesaid and initiate a prosecution in bad faith.

118.     That on or about MARCH 26, 2019, and at all times thereafter, all of the defendants including but not limited to THE CITY OF NEW YORK and POLICE DEPARTMENT without justification, without probable cause, created and submitted an erroneous police report and or a report in an effort to cover up the aforesaid and initiate a prosecution in bad faith

119.   That all of the above named defendants, whether individually or within the scope of their employment maliciously prosecuted the plaintiff.

120.   That on or about MARCH 26, 2019, and at all times thereafter, defendant ACOSTA forced and caused plaintiff to be falsely and maliciously prosecuted.

121.   That after MARCH 26, 2019, and at all times thereafter, defendant THE CITY OF NEW YORK and POLICE DEPARTMENT, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS, falsely, and maliciously prosecuted the plaintiff while working for THE CITY OF NEW YORK and POLICE DEPARTMENT.

122.   That as a result of the aforesaid malicious prosecution by all of the above named defendants, plaintiff sustained serious permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit, legal fees, loss of employment opportunities and suffered emotional and physical distress and injury.

123.   As the result of the foregoing and joint and several negligence, recklessness and malicious prosecution committed by all of the above named defendants, plaintiff, TIMOTHY WILSON, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person and suffered great physical pain, distress, mental shock, mental anguish, psychological trauma, was otherwise injured and also incurred monetary loss and out of pocket expenses including but not limited to attorneys' expenses.

124.   As a result of the foregoing, plaintiff is entitled to and seeking compensatory damages and is further entitled to punitive damages against all of the above named defendants

125.    By reason of the foregoing, the Plaintiff, TIMOTHY WILSON, demands judgment against all of the above named defendants including but not limited to ACOSTA, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE JAMES QUILTY and JOHN DOES and JOHN SMITHS in a sum which exceeds the jurisdictional limits of all the lower courts together with interest, costs, disbursements and attorneys fees for the within action and for this cause of action.

### AS AND FOR THE EIGHTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION ON BEHALF OF TIMOTHY WILSON

126.    The plaintiff, TIMOTHY WILSON repeats, reiterates and realleges each and every allegation set forth above in the preceding paragraphs with the same force and effect as if more fully set forth at length herein.

127.    That all of the above named defendants severally and jointly did violate the plaintiff's civil rights granted to him pursuant to 42 U.S.C.A Section 1983 et. sec. 1988 and the 4th and 14th Amendments to the constitution of the United States.

128.    That defendant, ACOSTA, caused a violation of plaintiff's civil rights granted to him pursuant to 42 U.S.C.A Section 1983 et. sec. 1988 and the 4th and 14th Amendments to the constitution of the United States.

129.    That defendants, THE CITY OF NEW YORK, POLICE DEPARTMENT, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS caused a violation of plaintiff's civil rights granted to him pursuant to 42 U.S.C.A Section 1983 et. sec. 1988 and the 4th  and 14th Amendments to the constitution of the United States.

130.    That the defendants THE CITY OF NEW YORK and POLICE DEPARTMENT, were responsible for the training, supervision and conduct of defendant, DETECTIVE

JAMES QUILTY, JOHN DOES and JOHN SMITHS and were further responsible by law for enforcing regulations of THE CITY OF NEW YORK, POLICE DEPARTMENT, State of New York and for ensuring that the Police Force and Police Officers obey the laws of the State of New York and the United States of America.

131.    That the defendants, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS while working and within their scope of employment for THE CITY OF NEW YORK and POLICE DEPARTMENT, did assault and strike the plaintiff in or about his head, body and limbs and causing him serious injuries all with the approval and/or consent of  THE CITY OF NEW YORK and POLICE DEPARTMENT.

132.    That the defendant, ACOSTA caused THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE JAMES QUILTY and JOHN DOES and JOHN SMITHS while working and within their scope of employment for THE CITY OF NEW YORK and POLICE DEPARTMENT, to assault and strike the plaintiff in or about his head, body and limbs and causing him serious injuries.

133.    As a direct and proximate result of the above reference unlawful and malicious physical attack against the plaintiff, by all of the defendants committed under color of law and acting their authority as police and peace officers for the CITY OF NEW YORK, and POLICE DEPARTMENT, the plaintiff, suffered physical and emotional harm and was deprived of his right to be secure in his person against unreasonable seizure of his person in violation of 4th and 14th Amendments of the Constitution of the United States and in violation of plaintiff's civil rights.

134.    The defendants, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS while acting under color of law and within the scope of their authority, assaulted

and battered the plaintiff in violation of 42 U.S.C.A Section 1983 and 1988 as well as other applicable State and Federal laws.

135.    That defendant, ACOSTA caused plaintiff to be assaulted and battered in violation of 42 U.S.C.A Section 1983 and 1988 as well as other applicable State and Federal laws.

136.    All of the above named defendants including but not limited to THE CITY OF NEW YORK, POLICE DEPARTMENT, DETECTIVE JAMES QUILTY and JOHN DOES and JOHN SMITHS while acting under color of law and within the scope of the of their authority, deprived the plaintiff of liberty without due process and without reasonable cause in violation of 42 U.S.C.A Section 1983 and 1988 as well as other applicable State and Federal laws.

137.    All of the above named defendants including but not limited to ACOSTA caused plaintiff to be deprived of liberty without due process and without reasonable cause in violation of 42 U.S.C.A Section 1983 and 1988 as well as other applicable State and Federal laws.

138.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, lost wages, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

139.    All of the above named defendants jointly and severally deprived the plaintiff by their actions of his civil rights as guaranteed by State and Federal statute(s).

140.    That the assault and battery committed by all of the above named defendants was in violation of the civil rights of the plaintiff, more particularly, 42 U.S.C.A. Section 1983 and 1988 as well as other applicable State and Federal laws.

141.    That the false arrest and false confinement committed by all of the above named defendants were in violation of the civil rights of the plaintiff, more particularly, 42 U.S.C.A. Section 1983 and 1988 as well as other applicable State and Federal laws.

142.    That the malicious prosecution committed by all the all above named defendants was in violation of the civil rights of the plaintiff, more particularly, 42 U.S.C.A. Section 1983 and 1988 as well as other applicable state and federal laws.

143.    That the deprivation by the all of the above named defendants of plaintiff's civil rights was a result of said defendants, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS' conduct while acting under color of law and within their authority as law enforcement officers with the employ of THE CITY OF NEW YORK and POLICE DEPARTMENT.

144.    That the deprivation by the all of the above named defendants of plaintiff's civil rights was a result of said defendants THE CITY OF NEW YORK and New York City POLICE DEPARTMENT's acts conducted while they were acting under color of law and within their authority as law enforcement officers.

145.    That the deprivation by the all of the above named defendants of plaintiff's civil rights was a result of said defendant ACOSTA's wanton, reckless, willful, malicious and bad faith acts and in violation of the law.

146.    That the deprivation by the all of the above named defendants of plaintiff's civil rights was a result of said defendants CITY OF NEW YORK,  POLICE DEPARTMENT, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS' wanton, reckless, willful, malicious and bad faith acts and in violation of the law.

147.    That the above actions committed by all of the above named defendants were not privileged or immune.

148.    That the defendants, DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS were not acting with immunity when they deprived plaintiff of his civil rights.

149.    That the defendants, THE CITY OF NEW YORK and POLICE DEPARTMENT were not acting with immunity when they deprived plaintiff of his civil rights.

150.    That the defendant, ACOSTA was not acting with immunity when she deprived plaintiff of his civil rights.

151.    As the result of the foregoing and joint and several negligence and recklessness of all of the above named defendants, plaintiff, TIMOTHY WILSON, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person and suffered great physical pain, distress, mental shock, mental anguish, psychological trauma, was otherwise injured and also incurred monetary loss and out of pocket expenses including but not limited to attorneys' expenses.

152.    As a result of the foregoing, plaintiff is entitled to and seeking compensatory damages and is further entitled to punitive damages against all of the above named defendants,

153.    By reason of the foregoing, the Plaintiff, TIMOTHY WILSON, demands judgment against all of the above named defendants including but not limited to ACOSTA, THE CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT, DETECTIVE JAMES QUILTY and JOHN DOES and JOHN SMITHS in a sum which exceeds the jurisdictional limits of all the lower courts together with interest, costs, disbursements and attorneys fees for the within action and for this cause of action.

AS AND FOR THE NINTH CAUSE OF ACTION FOR RELIEF FOR

MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

154.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

155.    All of the above named defendants caused excessive force to be utilized against plaintiff without justification or provocation causing plaintiff severe injuries in violation of his constitutional rights.

156.    All of the above named defendants caused plaintiff's liberty to be restricted through their violent and illegal acts of excessive force in violation of the constitutional rights of plaintiff.

157.    All of the above named defendants caused plaintiff to be handcuffed continuously despite having no reasonable justification for doing so, despite the fact that he posed no risk of flight or danger and had not committed any crime or offense.

158.    The acts complained of were carried out by the aforementioned individual defendants and subordinate officers of the NYPD officers, including DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS in their capacities as employees, officers and officials OF THE CITY OF NEW YORK, POLICE DEPARTMENT, with all the actual and/or apparent authority attendant thereto.

159.    The acts complained of were carried out by the aforementioned individual defendants and subordinate DETECTIVE JAMES QUILTY, JOHN DOES and JOHN SMITHS in their capacities as employees, officers and officials OF THE CITY OF NEW YORK, POLICE DEPARTMENT pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York.

160.    The failure to train officers and employees, and the failure to supervise and/or discipline staff responsible for these acts are so institutionalized as to represent a policy or custom of unconstitutional violations that have resulted in the deprivation of plaintiffs' rights.

161.    The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct by the CITY OF NEW YORK, POLICE DEPARTMENT and from the statistics, records and reports maintained by City Agencies.

162.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and POLICE DEPARTMENT constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

163.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK, and POLICE DEPARTMENT were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

164.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK, and POLICE DEPARTMENT were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

165.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of CITY OF NEW YORK, and POLICE DEPARTMENT, plaintiff was arrested without probable cause or any legal basis and subjected to excessive force, detention, search, restraints, handcuffing and verbal, mental and physical abuse in violation of his constitutional rights.

166.     As a result of the foregoing, defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

167.     As the result of the foregoing and joint and several negligence and recklessness of all of the above named defendants, defendants, collectively and individually, while acting under color of state law, acquiesced in and encouraged a pattern of unconstitutional conduct by subordinate CITY OF NEW YORK, and POLICE DEPARTMENT's officers, and were directly responsible for the violation of the constitutional rights of plaintiff.

168.     As a result of the foregoing, plaintiff is entitled to and seeking compensatory damages and is further entitled to punitive damages against all of the above named defendants

169.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right: Not to be deprived of liberty without due process of law; to be free from search, seizure and arrest not based upon probable cause; To be free from excessive force incident to arrest; and, To receive equal protection under the law.

AS AND FOR THE TENTH CAUSE OF ACTION FOR ATTORNEYS'

FEES ON BEHALF OF TIMOTHY WILSON

170.     The plaintiff TIMOTHY WILSON repeats reiterates and realleges each and every allegation set forth above in the preceding paragraphs with the same force and effect as if more fully set forth at length herein.

171.     That as a result of the assault and battery, negligence, negligent hiring and retention, false arrest, false imprisonment, malicious prosecution, violation of plaintiff's civil rights,

and all of the above causes of actions, plaintiff was forced to hire and retain an attorney and incur attorneys' fees together with other costs, fees and disbursements.

172.     That as a result of the negligence, recklessness and unlawful acts and joint and several liability of all of the above named defendants, Plaintiff was forced to hire and pay an attorney and incurred attorneys' fees, costs, disbursements, together with Court fees etc, and is seeking reimbursement for the same.

173.     As a result of the foregoing, plaintiff is entitled to and seeking compensatory damages and is further entitled to punitive damages against all of the above named defendants.

174.     By reason of the foregoing, the Plaintiff, TIMOTHY WILSON, demands judgment against all of the above named defendants including but not limited to ACOSTA, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE JAMES QUILTY and JOHN DOES and JOHN SMITHS in a sum which exceeds the jurisdictional limits of all the lower courts together with interest, costs, disbursements and attorneys fees for the within action and for this cause of action.

**WHEREFORE**, plaintiff, TIMOTHY WILSON respectfully demands judgment against all defendants for each cause of action set forth above as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. attorneys' fees and costs under 42 U.S.C. § 1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated:  Kew Gardens, New York

     January 31, 2020

                           Yours etc.,

                           /s/   Milene Mansouri

                           Milene Mansouri, Esq. PC
                           Attorney for Plaintiff
                           125-10 Queens Blvd.
                           Suite 311
                           Kew Gardens, NY 11415
                           (718) 793-2426

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
--------------------------------------------------------X   CIVIL ACTION NO:
TIMOTHY WILSON ,

                                  SUMMONS & COMPLAINT

                        PLAINTIFF,

    -against-

ARELENE ACOSTA, THE CITY OF NEW YORK
NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE JAMES QUILTY
AND "JOHN DOE"1-10, AND "JOHN SMITH" 1-10
fictitious names of defendant CITY OF NEW YORK, AND
NEW YORK CITY POLICE DEPARTMENT'S, employees whose names
are unknown to plaintiff at the present time,

                        DEFENDANTS
--------------------------------------------------------X

                                  Yours, Etc.


                                  /s/  Milene Mansouri


                                  Milene Mansouri, Esq.  PC
                                  Attorney for Plaintiff
                                  125-10  Queens Blvd.
                                  Suite 311
                                  Kew Gardens, New York 11415
                                  (718) 793-2426