UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIMOTHY WILSON,

                      Plaintiff,

        -against-

ARLENE ACOSTA, *et al.*,

                      Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
20 CV 0722 (LDH) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

      On February 21, 2020, plaintiff Timothy Wilson filed this action against Arlene Acosta, New York City Police Department Detective James Quilty, the City of New York, the New York City Police Department, and 10 John Doe and 10 John Smith defendants employed in New York City as police officers. (Compl.[1] ¶¶ 2-7, 22). Plaintiff seeks compensatory and punitive damages and attorney's fees under 42 U.S.C. §§ 1983, 1988 for alleged violations of his state and federal constitutional rights. (Id. ¶¶ 1, 172-73).

      On August 9, 2021, plaintiff filed the instant motion seeking a default judgment against Acosta, his former romantic interest. (ECF No. 26). On October 13, 2021, the District Court referred the motion to the undersigned to issue a Report and Recommendation.

## FACTUAL BACKGROUND

      Plaintiff alleges that on March 26, 2019, Acosta, a New York resident, assaulted him and knowingly and intentionally "caused" him to be assaulted "by all" of the other defendants without a legitimate reason. (Id. ¶¶ 4, 29-30, 35, 39). Plaintiff claims that Acosta was "negligent, reckless and careless in assaulting[,] battering[,] and violating" plaintiff's "civil

---

[1] Citations to "Compl." refer to the Complaint filed on February 21, 2020, ECF No. 1.

rights[,]" and was "negligent, reckless and careless in causing [p]laintiff to be assaulted, battered, and have [sic] his civil rights violated by the remaining defendants." (Id. ¶¶ 51-52).

Moreover, plaintiff claims that Acosta "gave false testimony" or provided a false affidavit or report "containing false facts" that caused him "to be assaulted and struck in or about his head, body and limbs, . . . to be handcuffed, . . . to take his shoes off [sic], . . . to be imprisoned," and deprived of "sleep, privacy and civil liberties causing him serious injuries." (Id. ¶ 76). Plaintiff claims that, in causing these various harms, Acosta was "malicious, reckless, intentional, willful, and grossly negligent." (Id. ¶ 77). Plaintiff also asserts that Acosta "authorized, permitted and ratified the unlawful, willful, reckless, malicious and negligent acts of herself and the remaining defendants." (Id. ¶ 80).

In addition, plaintiff claims that, on a date "prior" to March 26, 2019, "and at all times hereinafter," and on March 26, 2019, Acosta caused the City of New York and the New York Police Department to "wrongfully and falsely" arrest him and confine him to prison. (Id. ¶¶ 87, 91, 101-102, 105). According to plaintiff, Acosta "fully knew that the statements, testimony, and/or affidavit against plaintiff was [sic] false and contained false information and allegations." (Id. ¶ 89).

Plaintiff also claims that, "on or about March 26, 2019, and at all times hereinafter," Acosta "created and submitted an erroneous and false affidavit, and/or a false statement, and/or a false report in an effort to cover up the aforesaid and initiate a prosecution of [p]laintiff in bad faith." (Id. ¶ 115). According to plaintiff, Acosta "forced and caused" him to be "falsely and maliciously prosecuted." (Id. ¶ 120).

Plaintiff alleges that Acosta's actions violated his civil rights (id. ¶¶ 128, 132, 135, 137), and that the other defendants' violations of his rights "was a result of" Acosta's "wanton,

2

reckless, willful, malicious and bad faith acts and in violation of the law." (Id. ¶ 145). According to plaintiff, Acosta was not acting with immunity when she violated plaintiff's rights. (Id. ¶ 150).

Plaintiff requests compensatory and punitive damages for the injuries that he claims to have received, which are not specified in the Complaint, and he also requests attorney's fees and costs. (Id. ¶¶ 170-74).

Plaintiff has attempted to serve Acosta with copies of the summons and Complaint on multiple occasions by leaving them at her known addresses. (See Pl.'s Mot. Entry Def., ECF No. 14). To date, Acosta has not responded to the Complaint. On December 7, 2020 and upon plaintiff's request, the Court entered a certificate of default against Acosta. (ECF No. 15). Subsequently, on August 9, 2021, plaintiff filed the instant motion seeking a default judgment against Acosta.

## DISCUSSION

Plaintiff has failed to submit a Memorandum of Law supporting his motion for default judgment, rendering his motion papers deficient under Local Civil Rule 7.1(a)(2). See United States Dist. Ct. Rules S. & E.D.N.Y., Civ R. 7.1(a), available at, https://www.nyed.uscourts.gov/content/local-rules-effective-october-15-2021. Moreover, plaintiff has failed to allege specific damages or specify the relief that he seeks. United States Dist. Ct. Rules S. & E.D.N.Y., Civ R. 7.1(a)(1). He has also failed to provide any supporting documentation upon which the Court could even consider granting his request for default judgment or with which to determine the amount of damages that he claims to have suffered. See United States Dist. Ct. Rules S. & E.D.N.Y., Civ R. 7.1(a) (3) (requiring that a party's moving papers must include "[s]upporting affidavits and exhibits . . . containing any factual

3

information and portions of the record necessary for the decision of the motion"). In fact, all that plaintiff has supplied in support of his default judgment motion are a notice of motion, a two-page declaration from his attorney, a copy of the entry of default, and copies of the court-issued summonses and Complaint.

Setting aside the deficiencies in plaintiff's moving papers, the Court is concerned that, in pleading his case, plaintiff has done nothing more than lodge "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Upon reading the Complaint and the plaintiff's submissions, the Court has only vague intuitions concerning what plaintiff alleges occurred here and is thus skeptical that the District Court could enter a default judgment based on plaintiff's pleadings alone. J & J Sports Prods., Inc. v. Abdelraouf, No. 18 CV 2547, 2019 WL 457719, at *3 (E.D.N.Y. Feb. 5, 2019); Liberty Mut. Ins. Co. v. Luxury Transp. Mgmt. Inc., No. 07 CV 608 RJD/JO, 2009 WL 1033177, at *6 (E.D.N.Y. Apr. 16, 2009); see also Ashcroft v. Iqbal, 556 U.S. at 681 (holding that "[i]t is the conclusory nature of" the contested "allegations . . . that disentitles them to the presumption of truth").

For the reasons set forth above, the Court respectfully recommends that the District Court deny plaintiff's motion for default judgment without prejudice to refile a motion that complies with this District's Local Rules and that properly sets out the grounds for default judgment and plaintiff's demand for relief.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a

. . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

Plaintiff is Ordered to serve this Report and Recommendation on defendants and file an affidavit of service through the Electronic Case Filing system immediately. The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
January 31, 2022

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York